```
                    FILED
              2019 OCT 09 01:17 PM
                 KING COUNTY
              SUPERIOR COURT CLERK
                    E-FILED
              CASE #: 19-2-26521-3 SEA
```

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| CARL ALEXANDER BRICO, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) COMPLAINT FOR DAMAGES |
| | ) |
| WALGREENS, SINGLE SOURCE SECURITY LLC, TOTAL PUBLIC SAFETY INC., KING COUNTY; PAUL SCHWENN, DAVID HOAG; DOES 1-21 | ) (Jury Trial Demanded) ) ) ) ) |
| | ) |
| Defendants. | ) |

## I. INTRODUCTION

1. This is an action for damages by a resident of King County against Walgreens, King County and several third-party companies contracted to provide security personnel for Walgreens.

## II. VENUE

2. The actions which form the basis of this complaint took place in Seattle, Washington, thus venue is proper in King County's Seattle Courthouse pursuant to RCW 4.12.

## III. PARTIES

COMPLAINT FOR DAMAGES - 1

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

3. Plaintiff Carl Brico is over the age of 18 years. He resides in King County, Washington.

4. Defendant Walgreens Boots Alliance ("**Walgreens**") is a corporation, partnership, sole proprietorship, business association, or some other business form, organized and existing under the laws of the state of Illinois, and doing business in King County, Washington as the Walgreens Company. Walgreens is in the retail pharmacy business.

5. Defendant Single Source Security LLC ("**S.S.S.**") is a corporation, partnership, sole proprietorship, business association, or some other business form, organized and existing under the laws of the state of Virginia and doing business in King County, Washington. S.S.S. is in the business of providing security guard protection to retail companies throughout the King County, including Defendant Walgreens.

6. Defendant Total Public Safety Inc. ("**TPS**") is a corporation, partnership, sole proprietorship, business association, or some other business form, organized and existing under the laws of the state of Washington doing business in King County, Washington. Defendant TPS is in the business of providing security guard protection to retail companies throughout the King County, including Defendant Walgreens.

7. Plaintiff is unaware of the true names and capacities of those Defendants sued herein as DOES 1 through 5, and therefore sues these Defendants using their fictitious names. Plaintiff is informed and believes that at all relevant times mentioned here, each of the DOES 1 through 5 is the agent, servant, employee, and/or joint venture of Defendant Walgreens, and/or DOES 16-20.

COMPLAINT FOR DAMAGES - 2

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

8. Plaintiff is informed and believes that at all relevant times mentioned here, each of the DOES 6 through 10 is the agent, servant, employee, and/or joint venturer of Defendant Single Source Security LLC, and/or DOES 16-20.

9. Plaintiff is informed and believes that at all relevant times mentioned here, each of the DOES 11 through 15 is the agent, servant, employee, and/or joint venturer of Defendant Total Public Safety, and/or DOES 16-20.

10. Plaintiff is informed and believes that DOES 21 (**"Security Guard" or "Guard"**) is now, and at all times mentioned herein was, acting under the capacity and scope of his employment with TPS, and/or an agent, employee, and/or contractor of Walgreens, S.S.S., and DOES 1 – 20. Plaintiff is unaware of the true name and capacity of said security guard sued herein as DOES 21, and therefore sues this defendant using his fictitious name.

11. Defendant King County is now, and at all times mentioned herein was, a governmental entity duly organized and existing under the laws of the State of Washington.

12. Defendant Paul Schwenn is now, and at all relevant times mentioned herein was, employed by King County, and in doing the things herein alleged, was acting under the color of law and within the course and scope of his employment by defendant King County, Washington.

13. Defendant David Hoag is now, and at all relevant times mentioned herein was, employed by King County, and in doing the things herein alleged, was acting under the color of law and within the course and scope of his employment by defendant King County, Washington.

14. Plaintiff is informed and believes that at all relevant times mentioned herein, each of the DOES 1 through 21, in doing the things alleged herein, were acting within the course and scope of the agency, service, employment, and/or joint venture relationship described above.

COMPLAINT FOR DAMAGES - 3

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Plaintiff will amend this Complaint to allege each DOE's true name and capacity when that information becomes known.

## IV. FACTUAL BACKGROUND

15. On or about January 2, 2019, Defendants Walgreens, S.S.S., TPS and DOES 1-20 owed a reasonable duty of care to each person entering the Seattle Walgreen's store to maintain, promote and ensure everyone's safety and constitutional liberties.

16. On January 2, 2019, plaintiff was shopping for a temporary cellphone at a downtown Seattle Walgreens store located at 222 Pike Street, Seattle, WA 98101. Plaintiff had noticed some phones behind the cashier but did not find what he needed.

17. Plaintiff did not pick up any items nor select anything to purchase. Plaintiff proceeded to exit.

18. As plaintiff approached the door, a TPS security guard jumped in front of him blocking the exit.

19. The security guard accused plaintiff of theft repeatedly asking him what it was that he took. Plaintiff immediately informed the security guard that he had not stolen and that he would like to leave the store.

20. As plaintiff moved towards the exit, the security guard threateningly placed himself between plaintiff and the door. When plaintiff repeated that he did not steal, the security guard lunged forward attempting to unzip plaintiff's jacket. The guard placed his hand on plaintiff's zipper forcing plaintiff to take a step back.

21. The security guard detained plaintiff proceeding to physically stand between plaintiff and the exit. He informed plaintiff that the police were on their way.

COMPLAINT FOR DAMAGES - 4

22. Within five minutes, two King County Sheriffs arrived. A citizen had flagged down officers Schwenn and Hoag outside of Walgreens and notified them of an unknown disturbance inside the store.

23. Rushing into the store, neither of the officers determined whether probable cause existed. Defendant officers, acting willfully on rank speculation, prohibited plaintiff from exiting the store. They then forcibly moved plaintiff towards the back of the store seizing each of his arms.

24. Plaintiff was humiliated as customers and employees stared and whispered while the security guard and the officers ushered him down the salesfloor. Schwenn and Hoag did so without any reliable information that plaintiff had selected items nor placed any items on his persons. One of the officers informed plaintiff that he could talk all he wants but they will not let him go free. Plaintiff pleading that they should check the camera, reiterated that he did not steal and repeatedly asked whether he was free to leave. The officers ignored plaintiff.

25. The officers and security guard, without any evidence that claimant stole, escorted plaintiff into an elevator removing him from the Walgreens store.

26. While in the elevator, the officers held plaintiff back by restraining each of his arms. The security guard then moved forward unzipping plaintiff's jacket. Plaintiff did not consent to this search. Defendants, as a result of the unlawful search, realized that plaintiff, in fact, had not stolen anything.

27. Exiting the elevator onto the second floor, defendant officers handcuffed plaintiff not because he had committed a crime, but because he was carrying a $CO_2$ pistol under his jacket. However, the mere possession of a gun is not a crime and was not probable cause for

COMPLAINT FOR DAMAGES - 5

arrest. Ignoring this fact, Scwhenn and Hoag performed an in-depth search of plaintiff. In total, defendants security guard, Swhenn and Hoag detained plaintiff for over an hour.

28. Defendants' conscious and willful disregard culminated in the detention, search and arrest of plaintiff. Defendants' actions severely injured plaintiff and his Fourth Amendment right to be free from unreasonable search and seizures. Plaintiff suffered humiliation, mortification, emotional distress, mental anguish and trauma as a result of defendants' conduct.

### V.   FIRST CAUSE OF ACTION
(42 U.S.C. 1983 – Unlawful Search and Seizure all defendants)

29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

30. The actions of Defendants Hoag and Schwenn, in searching plaintiff, violated plaintiff's Fourth Amendment right to be free from unlawful search and seizure.

31. Defendants unlawfully searched plaintiff and did so in conscious and reckless disregard to the consequences and hardship and in conscious disregard to plaintiff's constitutional and statutory rights. Individual officers subjected plaintiff to such deprivations by malice and/or oppression and/or a reckless and conscious disregard of his rights. An award of punitive damages against each individual defendant is warranted.

32. As a direct and proximate result of defendants' conduct, plaintiff suffered humiliation, mortification, mental anguish, emotional distress, deprivations of his liberty and; other damages, which said damages will be proven at trial.

### VI.   SECOND CAUSE OF ACTION
(42 U.S.C. § 1983 Arrest without Probable Cause – all defendants)

COMPLAINT FOR DAMAGES - 6

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

33. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

34. The actions of defendant officers in arresting plaintiff without probable cause deprived him of his Fourth Amendment rights to be free from deprivations of liberty without probable cause.

35. Defendant officers, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted against each individual officer.

36. As a direct and proximate result of defendants' conduct, plaintiff suffered humiliation, mortification, mental anguish, emotional distress, deprivations of his liberty and; other damages, which said damages will be proven at trial.

## VII.   THIRD CAUSE OF ACTION
(42 United States Code § 1983 – Monell Claims Defendant King County)

37. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 36 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action

38. At all times herein mentioned, defendant King County had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, it failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights. The officers whose conduct is described above did not know what constitutes probable cause to

COMPLAINT FOR DAMAGES - 7

detain a person or unnecessary and excessive search because of inadequate training by the defendant King County.

39. Said lack of policy and failure to properly train has exposed those who are in compliance with the law to unreasonable detention and unnecessary and excessive search.

40. Thus, the need to train officers in the constitutional limitations on the arrest of citizens and the amount of force to apply when doing so can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

41. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) inadequate training of employees, to wit, gross failure to make any objective findings as to plaintiff's detention and search, given the circumstances; and (3) causation between the inadequate training and plaintiff's injuries.

42. King County's improper training permitted each defendant to use poor judgment in assessing the situation and determining grounds for detaining, searching and arresting plaintiff.

43. The foregoing acts, omissions, and systemic failures are customs and policies of defendant, which caused its officers to believe that the standard to determine the detention and search of a citizen was within their unfettered discretion, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of a citizen's rights that occurred in this case. Such conduct on the part of the King County renders it liable for its officers' constitutional violations.

COMPLAINT FOR DAMAGES - 8

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

44. As a direct and proximate cause of the aforesaid acts, omissions, policies, customs, and ratification of defendant King County, the individual defendants caused the constitutional violations and damages described above.

### VIII. FOURTH CAUSE OF ACTION
(False Arrest and Imprisonment all defendants)

45. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

46. The actions of defendant officers in detaining and arresting plaintiff without determining probable cause constitutes false imprisonment of plaintiff. The actions of defendant security guard in detaining plaintiff constitutes false imprisonment.

47. As a direct and proximate result of defendants' conduct, plaintiff suffered humiliation, mortification, mental anguish, emotional distress, deprivations of his liberty and; other damages, which said damages will be proven at trial.

### IX. FIFTH CAUSE OF ACTION
(Battery all defendants)

48. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Fifth Cause of Action.

49. Defendant officers and security guard acted with the intent to cause, and did in fact, cause offensive contact with defendant by seizing plaintiff, grabbing his clothing and handcuffing him.

COMPLAINT FOR DAMAGES - 9

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

50. All defendants are liable for said conduct under both vicarious liability and on an agency relationship.

51. At no time did plaintiff consent or acquiesce to any of defendants' acts alleged above.

52. As a direct and proximate result of defendants' conduct, plaintiff suffered humiliation, embarrassment, mental anguish, emotional distress, deprivations of his liberty and; other damages, which said damages will be proven at trial.

### X. SIXTH CAUSE OF ACTION
(Assault all defendants)

53. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 52 with the same force and effect as if such paragraphs were separately realleged in this Sixth Cause of Action.

54. Defendant officers and security guard acted with the intent to cause an apprehension of harmful or offensive contact with plaintiff as described above.

55. As a direct and proximate cause of defendants' intentional conduct, plaintiff sustained damages, including, without limitation mental suffering, humiliation, mortification, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

56. All defendants are liable for said conduct under both vicarious liability and on an agency relationship.

57. At no time did plaintiff consent or acquiesce to any of defendants' acts alleged above.

COMPLAINT FOR DAMAGES - 10

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## XI. SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress all defendants)

58. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 57 with the same force and effect as if such paragraphs were separately realleged in this Seventh Cause of Action.

59. The actions of defendants and each of them were extreme and outrageous and were done with the intention of inflicting severe emotional distress upon plaintiff or were done with reckless disregard as to whether such acts would cause plaintiff severe emotional distress.

60. As a direct and proximate result of defendants' acts, plaintiff sustained mental anguish, emotional distress, mortification, humiliation, loss of good health and sleep, and physical distress, all to his damage according to proof at trial.

## XII. EIGHTH CAUSE OF ACTION
(Negligence all defendants)

61. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 60 with the same force and effect as if such paragraphs were separately realleged in this Eighth Cause of Action.

62. Defendant King County and its individual officers, in committing all the aforementioned wrongs, breached their duty to plaintiff to exercise reasonable care in the performance of their official duties, and thereby proximately and foreseeably caused plaintiff's civil rights violations and special damages.

63. Defendants Walgreens, S.S.S., TPS, and DOES 1-21, owed a duty of care to every person entering the Walgreens store to exercise due care so as to maintain, promote and assure each individual's safety and constitutional liberty. They owed a duty of care to each customer

COMPLAINT FOR DAMAGES - 11

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

lawfully inside of the Walgreens store to shop without being subjected to unnecessary, and/or unlawful searches and seizures.

64. Defendants negligently violated these duties of care in the following manner:

65. Negligently and carelessly hiring the staffing company defendants and hiring training and/or supervising the security guard, even though they knew, or through the exercise of reasonable diligence should have known, that the Security Guard was a dangerous security guard employee, who was prone to exercise poor judgment, and/or use poor tactics as it concerned the proper use of detention and searches;

66. Defendant security guard, in his official capacity, negligently and carelessly failed to follow any training that had been given in terms of refraining from exercising unnecessary and/or unlawful detentions of law-abiding citizens.

67. Defendant security guard negligently and carelessly detained plaintiff. Defendant security guard negligently and carelessly performed an unlawful search by physically opening plaintiff's jacket and searching his persons.

68. As a direct and proximate result of defendants' conduct, plaintiff suffered humiliation, mortification, mental anguish, emotional distress, deprivations of his liberty and; other damages, which said damages will be proven at trial.

### XIII.   TENTH CAUSE OF ACTION
(Respondeat Superior – King County, Walgreens and TPS)

69. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 68 with the same force and effect as if such paragraphs were separately realleged in this Tenth Cause of Action.

COMPLAINT FOR DAMAGES - 12

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

70.  In doing the things herein alleged, defendant's deputies were acting within the course and scope of their employment with King County. King County is therefore liable for the conduct of the defendant deputies. Total Public Safety and Walgreens is vicariously liable for the conduct of its employees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter judgment against defendants, granting plaintiff:

A.  A money judgment against each defendant in an amount which will fully compensate him for his injuries, losses, harm and damages sustained in this matter;

B.  That the Court award plaintiff his costs, including reasonable and statutory attorney fees incurred in this matter, as provided by law; and

C.  Such further relief as this Court deems appropriate.

DATED: This 9th day of October 2019.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*[signature]*

Darryl Parker, WSBA #30770

COMPLAINT FOR DAMAGES - 13

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183