UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL ALEXANDER BRICO,<br><br>       Plaintiff,<br><br>  v.<br><br>WALGREENS, SINGLE SOURCE SECURITY LLC, TOTAL PUBLIC SAFETY INC., KING COUNTY; PAUL SCHWENN, DAVID HOAG; DOES 1-21,<br><br>       Defendants. | CASE NO. 2:19-cv-01855-BAT<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

  Pursuant to the parties' Stipulation (Dkt. 23), the Court approves the following protective order and **ORDERS**:

  1. Documents designated by any party, including plaintiff, Walgreens and/or Single Source Security, LLC, to contain confidential and/or proprietary information produced pursuant to FRCP 26, shall be considered "confidential" and shall be so designated by stamping or otherwise applying thereto the designation "CONFIDENTIAL" when production copies are served, in which case the designated document or portion thereof and the information contained therein will be treated in accordance with the terms of this order.

  2. If any of the information identified as confidential has already been produced in discovery in this action, from this time forward the information will now be considered as

"confidential" and treated in accordance with the provisions of this Protective Order.

3. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify as confidential. If it comes to the designating witness's attention that information or items that it designated for protection do not qualify for protection, the designating witness must promptly notify the parties that it is withdrawing the mistaken designation.

4. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The parties shall first confer in good faith as to any dispute prior to making a motion to repeal such a designation. The court may award fees and costs if it is determined that the designation of a document as "confidential" or challenge thereof was not made in good faith.

5. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6. The protections conferred by this order cover not only confidential material so designated but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

conversations, or presentations by the parties or their counsel that might reveal confidential material.

7. All confidential information produced or exchanged pursuant to this Protective Order shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose and shall not be disclosed to any person outside the confines of this litigation. If the confidential information is disclosed to third parties including but not limited to expert witnesses, said third parties shall be given a copy of this protective order and agree to abide by its terms.

8. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including in house counsel) of the receiving party, or its insurer(s), to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c) experts and consultants to whom disclosure is reasonably necessary for this litigation;

    (d) the court, court personnel, and court reporters and their staff; and

    (e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or non-party or ordered by the court.

9. All documents of any nature (including, but not limited to, affidavits, motions, etc.) which are filed with the Court for any purpose and which contain the confidential information shall be filed in accordance with the Court's process for filing under seal.

10. The original and all copies of any future deposition transcript which contains information or exhibits that qualify as confidential pursuant to this Protective Order, at the request of any attorney for a party or witness, will initially be fully subject to the relevant provisions of this order, and the reporter shall be instructed to separate the confidential portions from the remainder of the transcripts and be marked as confidential. Any attorney for a party or witness claiming confidentiality thereafter shall have ten (10) days after receipt of the transcript to designate any additional portions of the testimony which are deemed by him or her to include confidential information. The reporter shall promptly conform the original copy and counsel shall conform their copies in accordance with counsel's designation. After the expiration of such ten (10) days, all portions not so designated shall be free from the provisions of this order.

11. Nothing herein shall prohibit a party, or its counsel, from disclosing a document, which is confidential information, to the person the document identifies as an author or addressee of such document.

12. The inadvertent or unintentional disclosure of the confidential information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Walgreens and/or Single Source Security, LLC's claim(s) of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel for Walgreens and/or Single Source Security, LLC and counsel of record for all parties and to whom the information was disclosed that the

information was confidential. Such notification shall constitute a designation of the information as confidential information.

13. If the confidential information is disclosed to any person other than in the manner authorized by this order, the party responsible for the disclosure must immediately inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

14. The intentional disclosure of the confidential information outside the confines of this litigation may subject the party disclosing this information to appropriate sanctions, including but not limited to, attorney fees and costs incurred in the enforcement of this order, as determined by the Court.

15. This order shall not apply to information which at or prior to disclosure thereof in this action is or was public knowledge, or which, after disclosure thereof, becomes public knowledge as a result of publication by the producing party or an independent source.

16. On final determination of this litigation, each party or other person subject to the terms hereof shall, at the request of the Walgreens and/or Single Source Security, LLC, return all materials and documents constituting the confidential information and shall destroy all copies, summaries and abstracts thereof, and all other materials, memoranda or documents embodying data concerning said confidential information, provided that data protected by attorney-client privilege or work product immunity need not be deleted even if they contain otherwise confidential information, and provided that each attorney may retain an archival copy of any and all material containing confidential information produced to the attorney or to the attorney's client, experts or other agents. Any confidential information retained as "attorney-client privilege," "work product" or "archival" data shall be subject to all provisions in this Protective

1 | Order, including, but not limited to, using the information only within the confines of this
2 | litigation. In the alternative, the party in possession of said confidential information can represent
3 | that all such information has been destroyed or will be destroyed in accordance with the
4 | company's document retention policies.

5 | 17. Where a party to this agreement is required by law to disclose confidential information outside the confines of the litigation, the party may do so; but, prior to any such disclosure, the party must: (a) inform Walgreens and/or Single Source Security, LLC in writing of the impending disclosure and legal basis therefore; and (b) obtain protection for any such information disclosed that is commensurate with the protections provided herein. The parties may not disclose plaintiff's medical information without his written permission, unless ordered by a court to do so.

18. Subject to further modification of this protective order by the parties, confidential information may be offered in evidence at trial or at any court hearing in this action, in a manner to be determined by the court during pre-trial proceedings.

DATED this 11th day of March, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge