UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL ALEXANDER BRICO,<br><br>                 Plaintiff,<br><br>  v.<br><br>WALGREENS, SINGLE SOURCE SECURITY LLC, TOTAL PUBLIC SAFETY INC., KING COUNTY; PAUL SCHWENN, DAVID HOAG; DOES 1-21,<br><br>                 Defendants. | CASE NO. 2:19-cv-01855-RAJ-BAT<br><br>**ORDER GRANTING MOTION TO AMEND (DKT. 30)** |

Plaintiff Carl Alexander Brico requests leave to file an Amended Complaint to add McClay Morgan, the Walgreens security guard formerly identified in Plaintiff's Complaint as "DOES 21", after discovering his identity in interrogatories. Plaintiff also seeks to "amend a few of his claims to specifically name each responsible defendant in lieu of the 'all defendants' language used in the original complaint." Dkt. 30. Plaintiff sent a copy of the proposed amended complaint to defendants on May 28, 2020. Dkt. 31 at 2.

Defendants Single Source Security LLC and Total Public Safety, Inc. have no objection to the proposed amendment. Dkt. 32; Dkt. 34. Defendants King County, Paul Schwenn and David Hoag do not object to adding Mr. Morgan, but states "there are unexplained substantive changes to paragraphs 19, and 50 through 68, and in the absence of explanation of the other

ORDER GRANTING MOTION TO AMEND
(DKT. 30) - 1

substantive changes, object to the proposed amended complaint. Dkt. 33.

DISCUSSION

Courts consider five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *Id.*

Although Defendants King County, Schwenn, and Hoag object to "unexplained substantive changes," they do not point out which statements are objectionable or whether these proposed changes are brought in bad faith, undue delay, prejudice, or are futile.

Accordingly, it is **ORDERED** that Plaintiff's motion to amend (Dkt. 30) is **Granted**; the Clerk is directed to docket Plaintiff's proposed Amended Complaint (found at Dkt. 31, Exhibit A).

DATED this 19th day of June, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND
(DKT. 30) - 2